Sallie Pearl LEWIS et al., Plaintiffs,

v.

BLOOMSBURG MILLS, INC., Defendant.

Civ. A. No. 73–324.

United States District Court,
D. South Carolina,
Greenwood Division.

Oct. 10, 1978.

Theo Walker Mitchell, Mitchell, Bishop & Joe, Greenville, S. C., Jack Greenberg and O. Peter Sherwood, NAACP Legal Defense Fund, Inc., New York City, Robert A. Murphy, Richard T. Seymour, Lawyers' Committee for Civil Rights Under Law, Washington, D. C., for plaintiffs.

J. Frank Ogletree, Jr., J. Hamilton Stewart, III, H. Lane Dennard, Jr., Greenville, S. C., for defendant.

ORDER ON PLAINTIFFS' MOTIONS TO AMEND FURTHER THE AMENDED COMPLAINT AND TO AMEND THE FEBRUARY 27, 1975 ORDER

HEMPHILL, District Judge.

Plaintiffs' Motions to Amend Further the Amended Complaint, to Amend the February 27, 1975 Order and for Reconsideration of the Exclusion of Black Males From the Class require decision by this court. The issues raised by these motions have previously been considered, and decided by the January 8, 1976 Order of this court [1] defining the class as follows:

1. Black females who have applied for and have been discriminatorily denied employment because of their race or sex at Bloomsburg Mills in Abbeville, S. C. since April 3, 1967; and

2. Black females who have been employed by Bloomsburg Mills, Inc., since April 3, 1967, and who, because of their race or sex have been dis-

---

1. This court's Order of January 8, 1976, reaffirmed the validity of the March 4, 1974, Order of District Judge Sol Blatt, Jr., defining the class as consented to by both parties.

criminatorily denied employment opportunities.

Plaintiffs' written motions and oral arguments position that the Supreme Court's decision in *In re Primus*, 436 U.S. 412, 98 S.Ct. 1893, 56 L.Ed.2d 417 (1978), invalidates the prior orders of both Judge Blatt and this court. After reviewing the Supreme Court's opinion and the arguments and briefs of the parties on the issue, this court finds the *Primus* decision inapposite to the case at bar and holds that *Primus* does not affect the validity of this court's prior orders governing this action.

In making this determination, the court has considered the fundamentally different factual contexts of *Primus* and this case. The completely different factual circumstances make *Primus* inapplicable to the instant action.

In *Primus*, a practicing lawyer in South Carolina who was also a cooperating lawyer with a branch of the American Civil Liberties Union [hereinafter "ACLU"], after advising a gathering of women of their legal rights resulting from their having been sterilized as a condition of receiving public medical assistance, informed one of the women in a subsequent letter that free legal assistance was available from the ACLU. The attorney was found to have violated certain disciplinary rules and was reprimanded. The Supreme Court held that the solicitation in *Primus* was not improper, and that South Carolina could not justify broad disciplinary rules which prevented solicitation of prospective litigants by non-profit organizations when the person engaging in the solicitation did not stand to gain personally from the solicitation, without violating the First and Fourteenth Amendments. The attorney therein was reprimanded solely for communicating with aggrieved parties *before* any legal action had been taken and for advising them of free legal assistance available from the ACLU.

In the instant case, although the court's prior orders limited the class to black fe-males, plaintiffs' counsel, without authorization from the court, wrote a letter to black employees and/or former employees of Bloomsburg Mills. The letter was sent to black males and females and advised them to come to a meeting if they believed they had been discriminated against. When plaintiffs' counsel sent the letter, he was apparently a cooperating attorney for the National Association for the Advancement of Colored People [hereinafter "NAACP"]. Notwithstanding his position with the NAACP, he most probably would have personally received attorneys' fees had his clients prevailed. The status of plaintiffs' counsel has changed. He now claims as a staff attorney with the Lawyers' Committee for Civil Rights Under Law.

The status of plaintiffs' attorney as cooperating counsel for the NAACP has no effect upon his acceptance of attorneys' fees in the event of successful litigation,[2] nor can counsel gain retroactive sanction of his solicitation in 1974 by his membership in the Lawyers' Committee for Civil Rights Under Law in 1977 and 1978.

The solicitation in the case at bar occurred *after* the lawsuit was filed and, more importantly, after conditional certification of the class was ordered by the court with the consent of all parties. Plaintiffs' counsel had no constitutional right to take upon himself the notification of class members. As this court noted in its prior Order refusing to redefine the class:

There is no provision in the Federal Rules for a party, *sua sponte*, to notify class members or non-class members, formally or informally, of the pendency of a lawsuit. . . . Rule 23(d) vests the *court* with the sole discretionary authority to issue notice. As Rule 23(d)(2) states, the discretionary notice is for the purpose of assuring the fair conduct of an action or protecting class members—it is not for the undesirable solicitation of claims. (Order on plaintiffs' Renewal of Motion

2. *Commonwealth v. O'Neill*, 16 FEP Cases 787 (E.D.Ark.1977).

to Redefine the Class, dated January 8, 1976). (Emphasis in original).

The *Primus* decision does not modify the Federal Rules or fundamentally alter the conduct of class action litigation in the federal courts. The Supreme Court did not rule that all communication with prospective litigants is shielded from regulation; it held simply that a state cannot promulgate broad prophylactic rules which unnecessarily impinge on First Amendment freedoms. The Court emphasized that states are free to fashion reasonable restrictions with respect to time, place and manner of solicitation and indicated that the peripheral involvement of the ACLU, NAACP or other non-profit organizations does not give counsel license to disregard such regulations. 436 U.S. at 438, 98 S.Ct. at 1908, 56 L.Ed.2d at 439.

Of paramount importance to the Supreme Court in *Primus* was the fact that there was absolutely no possibility of pecuniary gain to the attorney who solicited clients in that case. The attorney therein did not solicit clients on her own behalf; nor was she involved with the litigation which eventually grew out of her contacts with the parties who became plaintiffs. The Court took special note of the fact that:

> The discipline administered to appellant was premised solely on the possibility of financial gain to the organization, rather than any possibility of pecuniary gain to herself, her associates, or the lawyers representing the plaintiffs in the *Doe v. Pierce* litigation. 436 U.S. at 428, 98 S.Ct. at 1903, 56 L.Ed.2d at 432.

Here the attorney who sent the unauthorized communication was directly in charge of the suit. His co-counsel had previously consented to limiting the class to black females. He disregarded the Court's definition of the class and sent a letter of solicitation to black males and stood to gain financially by soliciting additional class members since the amount of fees awarded would rise proportionately with the size of the class[3] should the plaintiffs prevail.

In *Primus* the facts removed the case from traditional concepts of solicitation since the state could not show that any of the substantive evils potentially present in such situations, i. e., undue influence, overreaching, misrepresentation, invasion of privacy, conflict of interest or lay interference, existed therein. 436 U.S. at 435, 98 S.Ct. at 1906, 56 L.Ed.2d at 436. In this case, by sending the letter of solicitation to persons not within the certified class, plaintiffs' counsel not only misrepresented the class, but laid the foundation for a conflict of interest between class members which was resolved only by court order.

In light of the fact that the decision in *In re Primus*, 436 U.S. 412, 98 S.Ct. 1893, 56 L.Ed.2d 417 (1978), does not alter the validity of the Court's Order of January 8, 1976, and the fact that no other substantial grounds have been established upon which that Order should be modified, the Order is hereby affirmed. Accordingly, plaintiffs' Motions to Amend the February 27, 1975, Order, to Amend Further the Amended Complaint and for Reconsideration of the Exclusion of Black Males From the Class are hereby denied.

AND IT IS SO ORDERED.

---

**3.** See *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974), (plaintiffs' counsel agreed at the July 28 hearing that an increased class recovery would be expected to yield additional attorney fees to them) where the case was remanded to the district court for reconsideration in the light of guidelines, such as time and labor required, whether the fee is fixed, or contingent, etc.